**In re CAMBRIDGE PROPERTIES, INC., Debtor.**

Bankruptcy No. 85–02098K.
Civ. A. No. 87–4154.

United States District Court,
E.D. Louisiana.

Jan. 13, 1988.

Geoffrey H. Longnecker, Covington, La., for Cambridge Properties, Inc.

Merrill T. Landwehr, Landwehr & Hof, New Orleans, La., for Production Credit Ass'n.

## ORDER AND REASONS

LIVAUDAIS, District Judge.

Appellant, Cambridge Properties, Inc., has appealed from an order of the Bankruptcy Court granting Baton Rouge Production Credit Association's motion to lift stay imposed by 11 U.S.C. § 362. In addition, Appellee, Baton Rouge Production Credit Association, has moved to dismiss Appellant's appeal. The Appellee alleges that Appellant, Cambridge Properties, Inc. failed to file notice of appeal within the requisite ten day period pursuant to Bankruptcy Rule 8002(a). This Court has jurisdiction pursuant to 28 U.S.C. § 158 and § 1334 and Bankruptcy Rule 8001.

### FACTUAL BACKGROUND

On or about January 13, 1983, Geoffrey and Sara Longenecker executed a collateral mortgage note made to Baton Rouge Production Credit Association (hereinafter "Secured Creditor") in the amount of $500,-000.00. This note was secured by an act of collateral mortgage on immovable property. Thereafter, Geoffrey and Sara Longenecker transferred the ownership of this property to Cambridge Properties, Inc. (hereinafter "Debtor").

On August 19, 1985, Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code. On November 21, 1985, the Secured Creditor filed a motion to lift the automatic stay imposed by 11 U.S.C. § 362. On July 31, 1986, Bankruptcy Court entered an order lifting stay upon presentation of an application and order lifting the stay which set forth violations of the adequate protection agreement.

On or before September 22, 1986, a joint plan of settlement and compromise was entered which included an agreement that $5,000.00 per month, commencing September 22, 1986, would serve as adequate protection for the Secured Creditor. Payment

was to commence on September 22, 1986. The Secured Creditor received payment on September 26, 1986 but did not receive further payment until May 20, 1987, when the parties agreed that the Debtor would commence payment and continue to make payments on the 20th day of each month. A provision of this agreement was that failure of the Debtor to make a payment would result in automatic lifting of the stay. The Debtor's failure to make payment in compliance with these agreements and the number of outstanding mortgages Debtor has on this property and other properties owned by Cambridge Properties, Inc. resulted in the Bankruptcy Court's order to lift the automatic stay imposed by 11 U.S. C. § 362 and permitted the institution of foreclosure proceedings on this property by the Secured Creditor.

The Debtor has appealed the order of the Bankruptcy Court. The Secured Creditor has filed a motion to dismiss the debtor's appeal as untimely, for the notice of appeal was not filed within ten days of July 31, 1987 which is the requisite time allowed under Bankruptcy Rule 8002(a).

## ANALYSIS

Judge Kingsmill in his order to lift stay found that the debtor had not complied with the terms of either of the adequate protection agreements. In addition, the Court noted that there remained substantial additional mortgages and encumbrances attached the property mortgaged to the Secured Creditor. The Bankruptcy Court concluded that automatic stay imposed by section 362 of the Bankruptcy Code be lifted in so far as Baton Rouge Credit Association was concerned.

The standard by which a Bankruptcy Court's Order should be reversed is set out in Bankruptcy Rule 8013 which provides:

"On appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy's court judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the Bankruptcy Court to judge the credibility of the witnesses."

█ The Advisory Committee Note concludes that Rule 8013 accords to the findings of a Bankruptcy Judge the same weight given to the findings of a District Judge under Federal Rule of Civil Procedure 52, which states in pertinent part:

"Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

It shall be sufficient if the findings of fact and conclusion of law are stated orally and recorded in open court following the close of the evidence or appear in an opinion or memorandum of decision filed by the Court. Findings of fact and conclusions of law are unnecessary on decisions of motions Rule 12 or 56 or any other motion except as provided in Rule 41(b)."

Thereby, the standard of "clearly erroneous" must be applied in determining whether the trial court's findings of fact constitute any reversible errors.

█ Debtor argues that in *Wright v. Union Central Life Ins. Co.*, 311 U.S. 273, 61 S.Ct. 196, 85 L.Ed. 184 (U.S.1940) the Supreme Court held that so long as a creditor's rights as to the value of his collateral were protected, the creditor was not in a position to insist that doubts and ambiguities in the law be resolved in his favor. In the matter at hand, however, the Bankruptcy court ordered that the creditor's rights as to the value of his collateral were not adequately protected. This issue is factually based. The District Court may only reverse this Order should the Debtor prove that the Bankruptcy Court was "clearly erroneous" in its order. The Debtor has not sustained its burden. The Order given was reasonable in lieu of the mortgages and encumberances on the subject property, the length of time which the Debtor had been in Chapter 11, and the Debtor's failure to comply with the adequate protection agreements which resulted from prior Bankruptcy Court hearings.

Moreover, Debtor's notice of appeal was not filed within the requisite ten days of the date of the entry of the Order as provided in Bankruptcy Rule 8002(a). In addition, Debtor did not file a request to extend the time for filing a notice of appeal within the ten day period prescribed by Bankruptcy Rule 8002(c).

Accordingly, IT IS ORDERED that the Bankruptcy Court's order lifting the automatic stay imposed by 11 U.S.C. § 362 of the Bankruptcy Code in so far as Baton Rouge Production Credit Association be AFFIRMED.